UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MATTHEW D. S.,

                Plaintiff,

    v.                                                  6:23-cv-00281 (AMN/MJK)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

---

**APPEARANCES:**                                   **OF COUNSEL:**

**OLINSKY LAW GROUP**                  **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street – Suite 210
Syracuse, New York 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**    **VERNON NORWOOD, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On March 1, 2023, Plaintiff Matthew D. S.[1] commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under the Social Security Act ("Complaint").  Dkt. No. 1.[2]

This matter was referred to United States Magistrate Judge Mitchell J. Katz, who, on March 6, 2024, recommended that the Court deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 17, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 22, dismiss the Complaint, Dkt. No.1, and affirm the Commissioner's decision ("Report-Recommendation").  Dkt. No. 24.  Magistrate Judge Katz advised that under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 16-17.  Plaintiff filed objections on March 20, 2024.  Dkt. No. 25.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See*

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, with the exception of citations to the Administrative Record.  All citations to the Administrative Record herein will refer to the pagination noted in bold in the bottom-righthand corner of each page, which begins on page 7 of Dkt. No. 10 ("R.").

*Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.  DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision. Dkt. No. 24 at 1-12, 13-17; *see also* Dkt. No. 25 at 1 (Plaintiff objecting to findings on pages 12 and 13 of the Report-Recommendation).

Plaintiff raises essentially one specific objection to the Report-Recommendation: that Magistrate Judge Katz erroneously found that the decision by the administrative law judge ("ALJ"), taken as a whole, demonstrated adequate consideration of the consistency[3] of the medical opinion from nurse practitioner Corrie Schell ("NP Schell"). *Compare* Dkt. No. 25, *with* Dkt. No. 24 at 12-16.

---

[3] For claims filed after March 27, 2017, as is the case here, the ALJ must consider all medical opinions and evaluate their persuasiveness based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and "other factors." 20 C.F.R. §§ 404.1520c(a)-(c); *see also Raymond M. v. Comm'r of Soc. Sec.*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *8 (N.D.N.Y. Feb. 22, 2021) ("At their most basic, the amended regulations require that the ALJ explain [his] findings regarding the supportability and consistency for each of the medical opinions, pointing to specific evidence in the record supporting those findings") (quotation omitted).

As an initial matter, the caselaw upon which Plaintiff relies for this argument is readily distinguishable from the facts of this case. In *Tyler W. v. Comm'r of Soc. Sec.*, No. 3:22-CV-01345 (CFH), 2024 WL 1075209, (N.D.N.Y. Mar. 12, 2024), the ALJ did not address the persuasiveness, supportability, or consistency of a particular medical opinion. *Tyler W.*, 2024 WL 1075209, at *8-9. Here, in contrast, the ALJ explicitly addressed both the persuasiveness and supportability of N.P. Schell's medical opinion—two findings in the Report-Recommendation that Plaintiff does not challenge and with respect to which the Court finds no clear error. Dkt. No. 24 at 10-12; *see also* R. 18-19. Given the record in *Tyler W.*, the court there determined that it was unable to discern the ALJ's reasoning with respect to persuasiveness, supportability, or consistency as it related to a particular medical opinion. *Tyler W.*, 2024 WL 1075209, at *9. Here, in contrast, Magistrate Judge Katz found that "[r]eading the ALJ's decision as a whole, the court can glean the ALJ's consideration of the consistency of NP Schell's opinion." Dkt. No. 24. at 16. The other authority Plaintiff cites in support of his argument on this point is similarly distinguishable. *See Amber H. v. Saul*, 3:20-CV-490 (ATB), 2021 WL 2076219, at *8 (N.D.N.Y. May 24, 2021) (observing that ALJ's discussion of consistency and supportability of a particular medical opinion "was limited to a comment" and finding such "fleeting discussion" insufficient under the regulations); *Alexa J. M. v. Kijakazi*, 5:22-cv-243 (BKS/ML), 2023 WL 4467124, at *4 (N.D.N.Y. July 11, 2023) (finding that the court "cannot glean the ALJ's consideration of the supportability or consistency" of a particular medical opinion).

Moreover, Plaintiff's argument oversimplifies the consistency factor analysis within the Report-Recommendation. Magistrate Judge Katz first concluded, correctly, that the ALJ had committed "procedural error in failing to explicitly address the consistency of a medical source's opinion." Dkt. No. 24 at 12-13. Magistrate Judge Katz then went on to determine that, despite

this procedural error, the broader record allowed the court to "glean how the ALJ weighed the consistency factor for NP Schell's opinion." Dkt. No. 24 at 13-16. Accordingly, Magistrate Judge Katz found "that the ALJ's analysis of the consistency factor is not an error warranting remand." Dkt. No. 24 at 16.

Following *de novo* review, the Court agrees with that analysis for the reasons stated in the Report-Recommendation, *see* Dkt. No. 24 at 12-16, and, in particular, because "the court can glean the ALJ's consideration of the consistency of NP Schell's opinion from his analysis of the pre- and post-DLI [date last insured, *i.e.*, September 30, 2019] treatment records, which immediately follows his discussion of NP Schell's opinion." Dkt. No. 24 at 16; *accord Loucks v. Kijakazi*, 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (summary order) ("[d]espite the ALJ's procedural error, we could affirm if a searching review of the record assures us that the substance of the [regulation] was not traversed") (quotations omitted); *Adam R. T. v. Comm'r of Soc. Sec.*, 5:21-CV-1170 (FJS/ATB), 2023 WL 1775689, at *5 (N.D.N.Y. Feb. 6, 2023) (adopting objected-to report-recommendation and finding that "reading the ALJ's decision as a whole, the Court can glean the ALJ's consideration of the consistency and supportability of [a particular medical] opinion from his analysis of [other record medical evidence], which immediately preceded his discussion of [the particular medical opinion]"); *John L. M. v. Kijakazi*, 5:21-cv-368 (BKS/TWD), 2022 WL 3500187, at *3 (N.D.N.Y. Aug. 18, 2022) (adopting an objected-to report-recommendation and finding "that the substance of the regulation was not traversed and the ALJ's procedural error in addressing the consistency factor does not require remand").

As to Plaintiff's related argument that the Report-Recommendation "effectively accept[s] Defendant's *post-hoc* rationalization," regarding the ALJ's consideration of the consistency factor, *see* Dkt. No. 25 at 2-3, the Court need not reach this argument given its own review of the record

before Magistrate Judge Katz. *See, e.g.,* R. 13-14, 17-19, 21, 615-16, 850-53, 941-42; *see also John L. M.*, 2022 WL 3500187, at *3 ("[t]he Court need not determine whether, as Plaintiff contends, the Report-Recommendation's reasoning is a *post-hoc* rationalization, because it finds, on *de novo* review, that the ALJ's analysis of the record evidence, including [a particular medical] opinion, shows that the substance of the regulations requiring consideration of the consistency of opinion evidence was not traversed") (italics added).

Accordingly, the Report-Recommendation is adopted in its entirety.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 24, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 17, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 22, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 16, 2024
Albany, New York

Anne M. Nardacci
U.S. District Judge